Eric D. Houser (SBN 130079)
ehouser@houser-law.com
Denetta EJ Scott (SBN 236899)
dscott@houser-law.com
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, CA 92618
Tel: (949) 679-1111
Fax: (949) 679-1112

Attorneys for Defendants
WESTERN PROGRESSIVE, LLC; OCWEN LOAN SERVICING, LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-HE1

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RONNY JAO<br><br>            Plaintiff,<br><br>vs.<br><br>WESTERN PROGRESSIVE, LLC; OCWEN LOAN SERVICING, LLC; US BANK NATIONAL ASSOCIATION; US BANK NATIONAL ASSOCIATION, AS TRUSTEE, UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-HE1<br><br>            Defendant. | Case No.: 2:11-cv-05890-DMG-DTB<br><br>Hon: Dolly M. Gee<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[F.R.C.P. 12(b)(6)]<br><br>[Request for Judicial Notice Concurrently Filed Herewith]<br><br>Date:   January 20, 2012<br>Time:  9:30 a.m.<br>Dept.: 7<br><br>Complaint Filed: July 18, 2011 |

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1

I:\CIVIL\OCWEN\Euwjong (56614)\Pld\MTD-SAC.docx

**TO THE COURT, PLAINTIFF, ALL PARTIES AND COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on January 20, 2012, at 9:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom 7 of the above-entitled court located at 312 N. Spring Street, Los Angeles, CA 90012, defendants WESTERN PROGRESSIVE, LLC ("WESTERN"); OCWEN LOAN PROCESSING, LLC ("OCWEN") and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, UNDER POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2005 ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-HE1 ("U.S. BANK") will and hereby do move this Court to dismiss Plaintiff's Complaint with prejudice.

This Motion is made and based upon Rule 12(b)(6) of the <u>Federal Rules of Civil Procedure</u> ("FRCP"), and is based on the ground that Plaintiffs failed to state a claim upon which relief may be granted and the Second Amended Complaint is barred as a matter of law against these Defendants. This motion is based on the following grounds:

1. Plaintiff's entire complaint and all claims thereunder fail to state facts sufficient to constitute a claim for relief against these defendants pursuant to FRCP § 12(b)(6).

2. Plaintiff's first claim for Quiet Title fails to state facts sufficient to constitute a claim for relief against these defendants pursuant to FRCP § 12(b)(6). The claim is also uncertain.

3. Plaintiff's second claim for Fair Debt Practices Act (15 U.S.C. § 1692, et seq.) fails to state facts sufficient to constitute a claim for relief against these defendants pursuant to FRCP § 12(b)(6). The claim is also uncertain.

4. Plaintiff's third claim for Wrongful Foreclosure fails to state facts sufficient to constitute a claim for relief against these defendants pursuant to FRCP § 12(b)(6).

1   This Motion is based upon this Notice, the attached Memorandum of Points
2 and Authorities, and upon all papers and documents on file herein, the Court's
3 files concerning this action, together with those facts and documents of which the
4 parties request judicial notice and/or matters which judicial notice is proper, as
5 well as any oral argument that may be presented at the time of the hearing.
6 Several attempts were made to meet and confer with Plaintiff prior to filing this
7 motion.  However, those attempts were unsuccessful.

8   Dated:  December 9, 2011                    HOUSER & ALLISON
9                                               A Professional Corporation

11                                              /s/ Denetta EJ Scott
12                                              Eric Houser
                                                Denetta EJ Scott
13                                              Attorney for Defendants
                                                WESTERN PROGRESSIVE, LLC;
14                                              OCWEN LOAN SERVICING, LLC AND
15                                              U.S. BANK NATIONAL ASSOCIATION,
                                                AS TRUSTEE, UNDER POOLING AND
16                                              SERVICING AGREEMENT DATED AS
17                                              OF MAY 1, 2005 ASSET-BACKED PASS-
                                                THROUGH CERTIFICATES, SERIES
18                                              2005-HE1

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
3

I:\CIVIL\OCWEN\Euwjong (56614)\Pld\MTD-SAC.docx

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is Plaintiff's third attempt in drafting a viable Complaint. The Second Amended Complaint ("SAC") again alleges that unauthorized agents signed the assignments and substitutions made prior to the foreclosure of the subject property. However, Plaintiff fails to state how these allegations invalidate the trustee's sale. Plaintiff now adds that there has been a separation of the note from the deed of trust, invalidating the foreclosure. This is contrary to California law. The SAC fails to state any facts that the foreclosure sale was invalid. There are no facts to support the contention that the Defendants committed wrongful conduct against Plaintiff during the sale of the subject property. Plaintiff's interest was extinguished when Plaintiff failed to make payments on the loan.

The first claim for quiet title and third claim for wrongful foreclosure fail because Plaintiff does not set forth any factual allegations that would substantiate setting aside the sale or that Plaintiff is even entitled to the Property. The added claims do not change the fact that OCWEN and WESTERN do not have an adverse interest in the Property. The claims that certain assignments and substitutions in the title chain were robo-signed are unpersuasive as the claims are again based on conclusory statements.

The second claim for violation the Fair Debt Collection Practices Act ("FDCPA") still fails because the FDCPA does not apply to nonjudicial foreclosures. Therefore, the alleged violations of this statute against U.S. BANK and WESTERN are without merit. For these reasons and as outlined below, the Court should grant Defendants' motion to dismiss without leave to amend.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff, along with his wife Lily Euwjong, purchased the property located at 6787 Theresa Street in Mira Loma, California on or about March 3, 2005 as joint tenants (the "Property"). See **Exhibit "1"** to Request for Judicial Notice

"RJN". (Id.) When Plaintiff failed to make payments on the loan, WESTERN recorded a notice of default on January 3, 2011. (See **Ex. "2"** to RJN). On April 12, 2011, WESTERN was substituted in as a trustee. (See **Ex. "3"** to RJN). On the same day, the Notice of Trustee's Sale was recorded. (See **Ex. "4"** to RJN). This action was filed on July 18, 2011. The sale occurred on August 25, 2011. (See **Ex. "5"** to RJN). Plaintiff filed the FAC on September 23, 2011 after the motion to dismiss was granted with leave to amend. On November 2, 2011, the Court granted Defendant's motion to dismiss the First Amended Complaint with leave to amend. Plaintiff filed the SAC on November 23, 2011. This motion to dismiss now follows.

### III.  LAW AND ARGUMENT

####   A.   The First Claim for Quiet Title Fails as a Matter of Law.

Plaintiff does not cure any deficiencies in the SAC. The Complaint is still unverified, although a verified Complaint is required under Code of Civil Procedure § 761.020 to quiet title. The first claim fails for that technical reason.

Substantively, the claim fails because WESTERN does not have an adverse interest in the Property and U.S. BANK has rightful title after a proper foreclosure when Plaintiff default on the loan.

In order to quiet title to the Property, Plaintiff must allege: (1) a description of the property that is subject to the quiet title action; (2) the title of plaintiff(s) as to which the a determination of the property is being sought and the basis of the title; (3) the adverse claims to plaintiffs' title; (4) the date of which the determination is being sought; and (5) A prayer for the determination of the title of the plaintiff(s). (Code of Civil Procedure § 761.020). As outlined below, there are several reasons why the claim for quiet title fails.

   1. WESTEREN does not have an Interest in the Property.

Plaintiff alleges WESTERN has an adverse interest in the Property through the substitution of trustee that was recorded on April 12, 2011. See **Ex. "3"** to

1  RJN.  The substitution of trustee does not convey an interest in the Property to
2  WESTERN.  The document allows WESTERN to proceed with foreclosure
3  proceedings with the Property.  Courts have held that the foreclosure trustee does
4  not have any interest in the Property.  <u>Bridgeman v. U.S.</u> 2011 WL 221639 *13
5  (E.D.Cal., 2011); <u>Farias v. FCM Corp</u>. 2010 WL 4806894 *4 (S.D.Cal., 2010).
6  Therefore, quiet title as to WESTERN fails.

    2. <u>OCWEN does not have an Adverse Interest in the Property</u>.

OCWEN also does not have an adverse interest in the Property.  Plaintiff alleges OCWEN has an interest in the Property through the assignment to the deed of trust, recorded on March 1, 2011.  See, **Ex. "6"** to RJN.  However, like the substitution of trustee, the assignment does not convey an interest in the Property to OCWEN.  OCWEN is the loan servicer on the loan.  Courts have held that OCWEN does not have an adverse interest in the Property.  <u>Walters v. Fidelity Mortg. of Cal</u>. 2010 WL 1493131 *6 (E.D.Cal., 2010).  Therefore, Plaintiff's quiet title action against OCWEN fails.

    3. <u>U.S. BANK does not have an Adverse Interest in the Property</u>.

U.S. BANK has title to the Property through the foreclosure sale.  Plaintiff does not challenge the validity of the foreclosure.  Plaintiff does not allege any facts that the foreclosure sale was invalid or that U.S. BANK's interest was procured in a wrongful matter.  Plaintiff quiet title claims fails against U.S. BANK.

    4. <u>Quiet Title Fails Where Tender is Not Alleged</u>.

A quiet title action also will not survive a motion to dismiss where there is no allegation of tender.  In fact, a basic requirement of a quiet title claim is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust."  <u>Kelley v. Mortgage Elec. Registration Sys.</u>, 642 F.Supp.2d 1048, 1057 (N.D.Cal., 2009).  Thus, it is dispositive to this claim that under California law, a borrower may not assert

1  "quiet title" against a mortgagee without first paying the outstanding debt on the
2  property.
3       The Complaint does not state any facts that Plaintiff has attempted or has
4  tendered the obligations under the Property.  A motion to dismiss is appropriate
5  when those facts are missing from the Complaint.
6       5. <u>Holder or Separation of the Note Lacks Merit.</u>
7       Plaintiff allegations concerning the "holder of the note" or "separation of the
8  note" are uncertain.  Plaintiff is correct that <u>California Civil Code</u> § 2924(a)(1)
9  allows the beneficiary or its agent to conduct the foreclosure sale.  However, in
10 California, it is not required that the beneficiary of the security interest actually
11 possess the note at the time of foreclosure (See <u>Id</u>.; see also <u>Nool v. Homeq
12 Servicing</u>, 653 F.Supp.2d 1047, 1053 (E.D. Cal. 2009)).  In fact, <u>Civil Code</u>
13 § 2924 does not limit the foreclosure power to the lender; any authorized agent can
14 commence non-judicial foreclosure proceedings.  There is also a lack of general
15 facts to support that the note and deed of trust were somehow separated.
16 Therefore, Plaintiff's quiet title action lacks merit.
17      Additionally, Plaintiff claims that there was no default on the Property.
18 However, a default was clearly recorded on January 3, 2011.  The proper party
19 recorded the default.  Therefore, Plaintiff's claims are incognizable.
20      **B.   Plaintiff's Fair Debt Collection Practices Act Allegations are**
21           **Inapplicable against WESTERN and U.S. BANK.**
22      Plaintiff only adds one sentence to support the second claim:  "The loan was in
23 default when it was acquired."  The added language is vague and uncertain.  To
24 adequately plead a FDCPA claim, Plaintiff must allege:  (1) the plaintiff has been
25 the object of collection activity arising from a consumer debt; (2) the defendant
26 attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and
27 (3) the defendant has engaged in a prohibited act or has failed to perform a
28 requirement imposed by the FDCPA.  <u>Adesokan v. U.S. Bank, N.A</u>. 2011 WL

1  5241178 *4 (E.D.Cal., 2011).  The FDCPA defines "debt collector" as "any
2  person who uses any instrumentality of interstate commerce or the mails in any
3  business the principal purpose of which is the collection of any debts, or who
4  regularly collects or attempts to collect, directly or indirectly, debts owed or due or
5  asserted to be owed or due another."  15 U.S.C. § 1692a(6).

6  Courts have held that the FDCPA does not apply to foreclosure activities.
7  See Park v. Wachovia Mortg., FSB, No. 10–cv–1547 WQH (RBB), 2011 WL
8  4571874, at *5 (S.D.Cal., 2011); Walker v. Equity 1 Lenders Grp., No. 09–
9  cv00325 WQH (AJB), 2009 WL 1364430, at *7 (S.D.Cal. 2009).

10  Plaintiff lists several sections of 15 U.S.C. § 1692a to support his FDCPA
11  claim.  Plaintiff's allegations all concern the foreclosure on this Property.  As the
12  conduct alleged deals with foreclosure, the FDCPA is inapplicable to either
13  WESTERN or U.S. BANK.  See, Santoro v. CTC Foreclosure Serv. Corp., 12 Fed.
14  Appx. 476 *11–12 (2001), [a foreclosure sale notice issued in compliance with
15  California Civil Code § 2924 et seq. does not seek to collect a debt].  Plaintiff's
16  allegations against WESTERN and U.S. BANK relate to the non-judicial
17  foreclosure sale under Civil Code § 2924, et seq.  The Court is clear that FDCPA
18  does not apply to non-judicial foreclosure sales.  Therefore, Plaintiff's claim fails
19  as a matter of law.

20  Substantively, Plaintiff claims also fails under 15 U.S.C. § 1692 because the
21  claim is uncertain.  Plaintiff does not allege any facts against U.S. BANK that
22  would support a claim under the FDCPA.  Plaintiff does not add any facts in this
23  amendment to support a violation of the FDCPA.  Plaintiff alleges in the second
24  claim that Plaintiff received correspondence which fails to comply with certain
25  provisions in the FDCPA.  However, Plaintiff does not attach the letter to the
26  Complaint.  Plaintiff does not state how the letter is an attempt to collect the debt
27  or state facts that WESTERN and U.S. BANK are debt collectors.  The absence of
28  these facts contributes to the failure of this claim for relief.

MEMORANDUM OF POINTS AND AUTHORITIES
5
I:\CIVIL\OCWEN\Euwjong (56614)\Pld\MTD-SAC.docx

### C. The Third Claim for Wrongful Foreclosure Fails for Lack of Tender.

Plaintiff again does not allege any facts to support the wrongful foreclosure claim. Plaintiff relies on <u>Munger v. Moore</u> 11 Cal.App.3d 1 (1970). However, Plaintiff's reliance on the case is misplaced. Plaintiff here lost title to the Property because of failure to make payments under the loan. Plaintiff does not make any allegations against these Defendants that the foreclosure sale was improper, other than the recorded instruments themselves are improper. However, no facts support Plaintiff's allegation that the substitution of trustee, assignments and trustee's deed were invalid.

Plaintiff also alleges that the notice of trustee's sale is invalid because they did not receive notice of sale. Plaintiff does not cite any code sections that were violated by any of the Defendants in recording the notice of sale. Even if there was some error in the notice, outside factual allegations of a material error in the notice of default or notice of sale, a claim for wrongful foreclosure is lacking. See, <u>Millennium Rock Mortg., Inc. v. T.D. Service Co</u>. 179 Cal.App.4th 804 (2009). There is no legal significance to Plaintiff's claims. Plaintiff's only fact is that he never received the notice of sale. Merely stating the documents were robo-signed does not make the instruments invalid. <u>Civil Code</u> § 2924 et seq. provides the exhaustive framework of the foreclosure statutes. Plaintiff does not state any violation under these statutes. However, the factual allegations to support lack of receipt are insufficient to adequately plead this claim. The claims fails for that reasons.

Tender is also required in order to sustain a wrongful foreclosure action. Plaintiff attempts to distinguish <u>Abdallah v. united Savings Bank</u> 43 Cal.App.4th 1101, 009 (1996) by alleging that tender although required in that case is not required in this case. Plaintiff is mistaken. It is well settled that a wrongful foreclosure action will not stand where there are no allegations of tender or

attempted tender of the debt owed on the Property. <u>Guerrero v. Greenpoint Mortg. Funding, Inc</u>. 403 Fed.Appx. 154, 157 (2010); <u>Rincon v. Haros</u> 2011 WL 5837154 *3 (S.D.Cal.,2011). Plaintiff once again fails to allege any facts of tender. Therefore, the wrongful foreclosure claim fails.

## IV. CONCLUSION

For the above stated reasons, Defendants respectfully request the Court to grant the Motion to Dismiss without leave to amend.

Dated: December 9, 2011        HOUSER & ALLISON
                               A Professional Corporation


                               /s/ Denetta EJ Scott
                               Eric Houser
                               Denetta EJ Scott
                               Attorney for Defendants
                               WESTERN PROGRESSIVE, LLC;
                               OCWEN LOAN SERVICING, LLC AND
                               U.S. BANK NATIONAL ASSOCIATION,
                               AS TRUSTEE, UNDER POOLING AND
                               SERVICING AGREEMENT DATED AS
                               OF MAY 1, 2005 ASSET-BACKED PASS-
                               THROUGH CERTIFICATES, SERIES
                               2005-HE1

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA    )
                       ) SS
COUNTY OF ORANGE       )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On December 9, 2011, I served the following document(s) described as follows:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES ; [PROPOSED] ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

On the following interested parties in this action:

Ronny Jao
6787 Theresa Street
Mira Loma, CA  91752
(951) 526-5711

☒    BY FIRST CLASS MAIL—I hereby certify that I served the attached document(s) by U.S. First Class Mail on the following, who are not registered participants of the CM/ECF System. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on December 9, 2011 at Irvine, California.

*/s/ Courtney Hershey*
Courtney Hershey

---

CERTIFICATE OF SERVICE
1